IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,805-01




EX PARTE LARRY JAMES MCGEE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 3611-B IN THE 100TH JUDICIAL DISTRICT COURT
FROM CARSON COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marihuana and sentenced to twenty-five years’ imprisonment. The Seventh Court of Appeals
affirmed his conviction. McGee v. State, No. 07-08-0211-CR (Tex. App. – Amarillo, March 6,
2009). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to object when the State introduced a video tape containing evidence of Applicant’s
prior criminal history, in violation of various pre-trial motions granted by the trial court. Applicant
alleges that the video tape was also improperly edited when the jury asked and was permitted to view
it again during deliberations, and that this was due to trial counsel’s error.
            Applicant also alleges that trial counsel was ineffective for failing to present evidence that
Applicant’s co-defendant had admitted to possessing all of the marihuana found in the vehicle in
which Applicant was a passenger. Applicant’s co-defendant had signed an affidavit stating that
Applicant had no knowledge of the marihuana found in the vehicle until it was discovered by
authorities. Although trial counsel filed a pre-trial motion to secure the presence of the out-of-state
co-defendant, which was granted by the trial court, the co-defendant appears not to have testified at
Applicant’s trial. Trial counsel also filed a pre-trial motion to dismiss the charges against Applicant
based on the affidavit, and a hearing was held on that motion. The habeas record contains no
information regarding what transpired at the hearing.
            In a separate ground for review, Applicant alleges that he received ineffective assistance of
appellate counsel because appellate counsel failed to timely notify Applicant that his conviction had
been affirmed and failed to advise him of his right to petition for discretionary review pro se.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial and appellate counsel with the opportunity to respond to Applicant’s
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with a transcript of the pre-trial and
trial proceedings in this case. The trial court shall then make findings of fact as to whether the video
tape introduced by the State at Applicant’s trial contained extraneous offense evidence, and whether
trial counsel objected to the admission of the video tape on the basis of pre-trial motions granted by
the trial court. The trial court shall also make findings as to whether the jury was allowed to view
the video tape again during deliberations, and if so, whether the video tape was edited to remove
references to extraneous offenses before it was given to the jury. The trial court shall make findings
as to whether trial counsel believed that Applicant’s co-defendant Jesse Moore would have testified
that Applicant had no knowledge of the marihuana, and if so, why Moore did not testify at
Applicant’s trial. If counsel did not believe that Moore’s testimony would be helpful to the defense,
counsel shall state why he filed the pre-trial motion to secure Moore’s presence at Applicant’s trial. 
The trial court shall make findings as to whether the performance of Applicant’s trial attorney was
deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. 
            The trial court shall also make findings of fact as to whether Applicant’s appellate counsel
timely informed Applicant that his conviction had been affirmed and that he has a right to file a pro
se petition for discretionary review. The record shall be supplemented with copies of any documents
showing when or how Applicant was notified of this information. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 17, 2010
Do not publish